UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENNETT REGULATOR GUARDS, INC. | ) | CASE NO. 4:12CV1040 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| MRC GLOBAL INC., et al. | ) | **ORDER** |
| Defendants. | ) | |

Pending before this Court is Defendant's Atlanta Gas Light Company's ("AGLC") motion to dismiss for lack of personal jurisdiction, Doc. 13, and Plaintiff Bennett Regulator Guards, Inc.'s, motion for leave to file a second amended complaint (Doc. 49) to add AGL Resources, Inc. ("AGLR") and SouthStar Energy Services, LLC ("SouthStar") as defendants. This Court concludes that AGLC's motion is well taken and therefore GRANTS its motion to dismiss. Doc. 13. With regard to Bennett's request to amend its complaint, the Court concurs with AGLC's argument that an amendment would be futile as this Court would not have personal jurisdiction over AGLR and the proposed amended complaint fails to state a claim against SouthStar. Therefore, Bennett's motion to amend its complaint is DENIED.

I.      **Personal Jurisdiction**

Under Fed. R. Civ. P. 12(b)(2), a defendant may move to be dismissed from a case for lack of personal jurisdiction. Bennett, as the plaintiff in this action, bears the burden of proving that the Court has personal jurisdiction over the respective defendants. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

This Court applies Ohio law in determining whether it may exercise jurisdiction over Defendants. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The

1

Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)). The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id*.

As noted above, Bennett bears the burden of establishing personal jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, a plaintiff need make only a *prima facie* showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. See *Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, it must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction.[1] *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court must draw all reasonable inferences and resolve all factual disputes in favor of Plaintiff as the party invoking federal jurisdiction. *See Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790 (6th Cir. 1996).

---

[1] The Court afforded the parties the opportunity to conduct jurisdictional discovery. The Court will, however, review the evidence in the light most favorable to Bennett as this more lenient standard does not alter the Court's conclusion.

### a. AGLC

AGLC moved to dismiss Bennett's claims against it pursuant to Fed.R.Civ.P. 12(b)(2). AGLC has submitted the declaration of Barbara Christopher, Assistant Corporate Secretary for AGLC, in support of its position.

Bennett's first amended complaint asserts jurisdiction over AGLC as follows:

> This court has personal jurisdiction over Defendants because Defendants have transacted business within this district and have caused tortious injury by an act within this district, including their infringement of U.S. Re. Patent No. 5,810,029 C1 ("the '029 patent") as alleged hereafter, which has injured Bennett in this district. In addition, this court has personal jurisdiction over MRMC because MRMC is licensed to do business in Ohio and has offices in this district.

Although AGLC's motion to dismiss is based upon Bennett's first amended complaint, in light of Bennett's motion for leave to amend its complaint, the Court has reviewed the motion to dismiss with respect to *both* existing first amended complaint and the proposed second amended complaint. The proposed second amended complaint asserts jurisdiction on as follows:

> This court has personal jurisdiction over Defendants because Defendants have transacted business within this district and have caused tortious injury by an act within this district, including their infringement of U.S. Re. Patent No. 5,810,029 C1 ("the '029 patent") as alleged hereafter, which has injured Bennett in this district. In addition, this court has personal jurisdiction over MRMC because MRMC is licensed to do business in Ohio and has offices in this district. Further, this court has personal jurisdiction over AGLR and SouthStar because SouthStar is licensed to do business in Ohio and has offices in this district and because SouthStar is the alter ego of AGLR and Piedmont.

As can be seen above, the assertion of jurisdiction over AGLC is not altered by the proposed second amended complaint.

Ohio's long-arm statute, Revised Code Section 2307.382, provides, in relevant part, as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

AGLC is a subsidiary of AGL Resources, Inc. While it concedes that some of AGL Resources subsidiaries operate in Ohio, it contends that any potential jurisdiction over its parent or sister subsidiaries does not extend to it.

AGLC contends that this suit does not arise out of any contact by AGLC with Ohio and that AGLC does not have any contact with Ohio that would give rise to personal jurisdiction. It contends, and Bennett does not contest, that it is a Georgia Corporation, with its principal place of business in Atlanta, Georgia, and that it constructs, operates, and maintains a natural gas system infrastructure consisting of approximately 32,250 miles of natural gas pipeline, all located in the state of Georgia. According to Barbara Christopher's declaration, AGLC 1) is not registered to do business in Ohio, 2) does not maintain a place of business or have an office in

4

Ohio, 3) does not have a bank account or employees in Ohio, 4) does not conduct sales activity in Ohio, 5) does not direct advertisements to Ohio, 6) does not provide or contract to provide any goods or services to customers in Ohio, 7) does not own any real or personal property in Ohio, 8) does not lease any real or personal property in Ohio and 9) does not make, use, offer to sell, or sell splash guard products in Ohio.

Bennett's bare conclusory allegation that AGLC conducts business in this state is insufficient to support the exercise of personal jurisdiction over AGLC. Barbara Christopher's declaration makes it clear that AGLC operates solely in Georgia.

Bennett's remaining argument is that an agreement between McJunkin Corporation, a West Virginia corporation, and AGL Services Company, a Georgia Corporation, in its own behalf and/or on behalf of AGL Resources Inc. and one or more of the subsidiaries of AGL Resources, Inc., provides a connection upon which this Court can base personal jurisdiction.

Specifically, Bennett contends that AGL Resources entered into an agreement wherein McJunkin would supply AGL Resource subsidiaries with various products at an agreed price schedule. With regard to "specially manufactured products," which Bennett contends includes the infringing product, AGLR was entitled to a percentage of any profit McJunkin made selling the products to a third party. Bennett contends that McJunkin sold the infringing product to a Michigan company from its Ohio office. As such, Bennett argues that AGLC was "entitled" to a profit from a sale from the infringing product from an Ohio office. This connection is tenuous at best. Neither McJunkin nor Bennett are Ohio corporations and there is no indication that the agreement between McJunkin and AGLC's parent company was made in Ohio, or that AGLC ever received profits, ie, *caused* a tortious injury, in Ohio. To so conclude would be to determine

5

that every action McJunkin has taken should be imputed to AGLR and all of its subsidiaries.[2] This Court will not make such an unreasonable conclusion as it has found no legal precedent that would support imputing such conduct for jurisdictional purposes. Accordingly, Ohio's long-arm statute does not confer personal jurisdiction over AGLC.

### b. AGLR

After the motion to dismiss AGLC was briefed, Bennett requested leave from this Court to file a second amended complaint to add AGLR and SouthStar. Defendants responded, arguing that an amendment would be futile because this Court does not have personal jurisdiction over AGLC. This Court agrees. "It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980)

Bennett asserts that this Court has personal jurisdiction as follows:

> This court has personal jurisdiction over Defendants because Defendants have transacted business within this district and have caused tortious injury by an act within this district, including their infringement of U.S. Re. Patent No. 5,810,029 C1 ("the '029 patent") as alleged hereafter, which has injured Bennett in this district. In addition, this court has personal jurisdiction over MRMC because MRMC is licensed to do business in Ohio and has offices in this district. Further, this court has personal jurisdiction over AGLR and SouthStar because SouthStar is licensed to do business in Ohio and has offices in this district and because SouthStar is the alter ego of AGLR and Piedmont.

There is an implicit recognition in this statement that AGLR is not registered to do business in Ohio, does not maintain a place of business or have an office in Ohio, does not have a bank account or any employees in Ohio, and does not own or lease any real or personal

---

[2] Plaintiff is essentially arguing a civil conspiracy without asserting civil conspiracy in its complaint. Without such an assertion, which would require a heightened pleading standard, this Court will not and cannot impute all of McJunkin's actions to AGLR and its subsidiaries.

property in Ohio. Rather, Bennett specifically asserts personal jurisdiction over AGLR for two reasons: 1) causing tortious injury in the state and 2) having a subsidiary that is licensed to do business in Ohio and has offices in Ohio and is the alter ego of AGLR.

Bennett's first basis, that AGLR caused tortious injury in Ohio is once again premised on the contract between AGLR and McJunkin. However, as explained above, this Court will not impute all of McJunkin's alleged infringing actions to AGLR simply based upon this contract. Bennett has not pled civil conspiracy, but rather contributory patent infringement. From all accounts, any action AGLR may have engaged in to induce McJunkin to make an infringing product did not occur in Ohio. Accordingly, the Court concludes that it does not have personal jurisdiction over AGLR under this legal theory.

Bennett next contends that the Court has personal jurisdiction over AGLR because its subsidiary, SouthStar, is licensed to do business in Ohio, has offices in Ohio, and is the alter ego of AGLR. Bennett's argument regarding whether SouthStar is an alter ego of Bennett raises issues with the due process analysis of the personal jurisdiction test.

> The law is clear that a court may exercise general jurisdiction over a foreign corporation in those circumstances where the court has jurisdiction over a subsidiary and the domestic subsidiary is a mere alter ego of the parent. *Carrier Corp. v. Outokumpu Ojy*, 673 F.3d 430, 450–51 (6th Cir.2012). This circuit has adopted the alter-ego theory of personal jurisdiction, which "provides that a non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Id*. (quoting *Estate of Thomson v. Toyota Motor Corp. Worldwide,* 545 F.3d 357, 362 (6th Cir. 2008) (emphasis added).

*In Re Automotive Part Antitrust litigation*, 2013 WL 2456610 (E.D. Mich. June 6, 2013). Bennett does not plead any facts that would allow this Court to reasonably infer that SouthStar is the alter ego of AGLR in that AGLR exerts so much control over SouthStar as the two are one

entity.  Bennett states that "[u][pon information and belief, AGLC provides support services to certain joint ventures and subsidiaries of AGLR, including SouthStar."  Bennett further explains that "SouthStar is a joint venture in which AGLR has an 85% ownership interest and Piedmont Natural Gas Company ("Piedmont") has a 15% ownership interest."  As this Court has often noted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).  In contrast to that standard, Bennett has offered *no* factual allegations that would suggest that would support an alter-ego theory.  As Bennett fails to establish the due process requirements of the Constitution are met for purposes of personal jurisdiction, it is unnecessary to analyze jurisdiction under the state long-arm statute[.]"  *Conn v. Zakharov,* 667 F.3d 705, 711–12 (6th Cir.2012).

       **c.  SouthStar**

Bennett also attempts to name SouthStar, a subsidiary of AGLR, in its proposed second amended complaint.  Defendants contend that this amendment would similarly be futile pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Based upon the discussion above, this Court concludes that Bennett has failed to state a claim against South Star.

SouthStar is a Delaware limited liability company, with its principal place of business and corporate headquarters in Atlanta, GA.  It is not disputed that SouthStar is a joint venture in which AGLR has an 85% ownership interest and that SouthStar is licensed to do business in Ohio and conducts such business under the trade name "Ohio Natural Gas," and has offices in Cleveland, Ohio.

Bennett, however, does not assert any independent claim against SouthStar.  Bennett's claims against SouthStar are based on the theory that SouthStar is an alter ego of AGLR.  As

8

explained above, however, there are no facts to support the contention that SouthStar is the alter ego of AGLR.  Moreover, there is not a solitary allegation against SouthStar that it somehow engaged in infringing activity.  As such, Bennett has failed to state a claim against SouthStar pursuant to Fed.R.Civ.P. 12(b)(6).

**II.	Conclusion**

The Court GRANTS AGLC's motion to dismiss.  Doc. 13.  With regard to Bennett's request to amend its complaint, the Court concludes that an amendment would be futile as this Court does not have personal jurisdiction over AGLR and the proposed second amended complaint fails to state a claim against SouthStar. Therefore, Bennett's motion to amend its complaint is DENIED.

IT IS SO ORDERED.

DATED:  July 3, 2013                        */s/ John R. Adams*
                                            Judge John R. Adams
                                            UNITED STATES DISTRICT COURT